**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Leonard Sealy, Sandra Johnson-Sealy, <br><br>                          Plaintiffs, <br><br> -v- <br><br> Cenlar FSB, Mortgage Collection Company, et al.; <br><br>                          Defendants. | 2:26-cv-2520 <br> (NJC) (ARL) |

## <u>ORDER</u>

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is an application to proceed in forma pauperis ("IFP") filed by Leonard Sealy and Sandra Johnson-Sealy ("Plaintiffs") in relation to their pro se Complaint. (*See* Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed AO 239 Long Form IFP application ("Long Form") with the financial information for anyone who financially supports Plaintiffs, including their son, in the spaces marked "Spouse." Alternatively, Plaintiffs may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without

disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, the present application does not provide sufficient information for the Court to reasonably conclude that Plaintiffs are unable to afford the filing fee. To be sure, Plaintiffs report that they have approximately $1,800 in their checking and savings accounts and that their "son (23 yrs) works and helps us with the bills." (ECF No. 2 ¶¶ 3–4). Plaintiffs also report ownership of a house for which they paid $231,000. (*Id.* ¶ 5.) According to the Complaint, Plaintiffs purchased that house approximately 25 years ago and, having made mortgage payments including accelerated principal payments, the "[c]urrent principal should be close to if not $0." (Compl. ¶ 7.) Although Plaintiffs report that they "do not have an appraisal for its true worth at this time" (IFP App. ¶ 5), Plaintiffs have not explained why the equity is unavailable to them. Plaintiffs also report that, "prior to [a car] accident and surgery" they earned income from self-employment in the sum of $60,000, but that they have been "unable to work full time barely

earning a salary in 2025 & have not earned any money since the beginning of this year." (*Id.* ¶ 3.) However, Plaintiffs also report that Leonard Sealy underwent surgery just recently, on April 17, 2026. (*Id.*) Plaintiffs do not report when the accident occurred, how they have been supporting themselves in the interim, or whether they anticipate returning to self-employment upon recovery. Given that the present application raises more questions than it answers, it does not demonstrate that Plaintiffs are qualified to proceed IFP.

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed Long Form IFP application. Each Plaintiff shall complete a separate application. If Plaintiffs are financially supported by another person, including their son, they shall include the financial information for that person or persons in the space marked "spouse" on the renewed application. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend.") (quotation marks and citation omitted). Alternatively, Plaintiffs may pay the $405.00 filing fee.[1] Plaintiffs shall either file the renewed IFP application or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

---

[1] Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action."). Accordingly, Plaintiffs are encouraged to consult an attorney or to avail themselves of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Plaintiffs may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      May 4, 2026

                                       */s/ Nusrat J. Choudhury*
                                       NUSRAT J. CHOUDHURY
                                       United States District Judge