# K&L GATES

July 8, 2026
**Via ECF**
Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court for the E.D.N.Y.
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

Reymond E. Yammine
Associate
Reymond.Yammine@klgates.com

T +1 973 848 4127
F +1 973 848 4001

**Re:**   ***Leonard Sealy and Sandra Johnson-Sealey v. Cenlar FSB, et al.*,**
   **C.A. No. 2:26-cv-2520 – Pre-Motion Letter for Proposed Motion to Dismiss**

Dear Judge Choudhury:

My office represents Defendants CitiMortgage, Inc., the successor by merger of ABN AMRO Mortgage Group, Citigroup, and Citibank (collectively the "Citi Defendants"). We write pursuant to Your Honor's Individual Rules of Practice, Rule 5.1.2 to respectfully requests a pre-motion conference to seek leave to file a motion to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(6). Plaintiffs did not respond to the Citi Defendants' attempt to meet and confer. The Citi Defendants have not participated in mediation or a settlement conference before the assigned magistrate judge in this matter.

## I.      The Complaint does not identify the alleged wrongful conduct by the Citi Defendants.

Plaintiffs' only specific allegations against the Citi Defendants are introductory in nature and fail to allege what wrongdoing, if any, they committed:

> ¶4 Defendant ABN AMRO Mortgage Group, Inc. US-based subsidiary specializing in residential mortgage loans.
> ¶5 Defendant Citibank N.A.is a major American multinational bank and the consumer banking division of the financial services holding company Citigroup. Founded in 1812 as the City Bank of New York, it is one of the world's largest financial institutions, operating in over 100 countries and serving millions of customers.

Beyond this, the totality of the complaint consists of group-plead allegations which fail to identify the Defendant engaged in the complained-of conduct or against whom the claims are alleged. *See, e.g.*, Complaint, ¶ 8 ("Defendants are a party of an identity masking scam which they believe will insulate them from litigation."); *Id.*, ¶ 9 ("Defendants sent a notice stating that they were tripling the mortgage. They gave me only 10 days to pay."). This type of group pleading is impermissible. *See* Fed. R. Civ. P. Rule 8 ("a short and plain statement of the claim showing that the pleader is entitled to relief."); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping

all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint failed to satisfy this minimum standard [of Rule 8].").

## II.   The Complaint does not properly plead the statutory claims.

With respect to the Real Estate Settlement Procedures Act claim, Plaintiffs fail to plead specific statutory violations attributable to the Citi Defendants, including that they were the servicer or debt collector when the challenged conduct occurred.  Plaintiffs fail to plead the existence or validity of the purported QWR with the required specificity, and similarly fail to identify any suffered damages, all required to state a claim under RESPA.  *See Midouin v. Downey Sav. & Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 111 (E.D.N.Y. 2011) ("To allege a violation of 12 U.S.C. § 2605(e)(3), plaintiff must assert (i) that she sent defendants a qualified written request; (ii) that defendants submitted information regarding plaintiff's overdue payments to a credit reporting agency; and (iii) that defendants submitted such information within 60 days after defendants received plaintiff's qualified written request.").

For the Fair Debt Collection Practices Act claim, the Complaint fails to explain how any of the Citi Defendants were a "debt collector" under the Act.  *See Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 439 (E.D.N.Y. 2013) ("Only entities collecting debts due to another qualify as 'debt collectors' . . . .") (internal marks omitted).

With respect to the Fair Credit Reporting Act claim, Plaintiffs fails to plead its basic elements, including notice of dispute through a consumer reporting agency and failure to investigate after receiving such notice.  *See Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012).

Finally, Plaintiffs' unfair/deceptive business practices claim is based on allegations that certain unnamed defendants "fabricate[d] and record[ed] false mortgage and affidavits," "misrepresent[ed] their authority to collect payments," "demand[ed] payments on debts not owed or not legally collectible," "file[d] FORGED INSTRUMENTS without standing" and "mislead[] consumers regarding the identity of the real creditor."  Compl., ¶ 119-124.  Plaintiffs offer no facts supporting their allegations that the mortgage instrument or assignment thereof was falsified, nor do they even attempt to describe who committed the supposed forgeries, or when, how, or what role the Citi Defendant's played.

## III.   The Fraud-based claims are likewise deficient.

Plaintiffs purport to allege fraud-based claims based on their apparent belief that the mortgage instrument was a forgery or that their loan was assigned without authorization or was improperly authenticated.  Compl., ¶¶ 34-42.  The Complaint, however, fails to plead any facts in support of the claims, including identifying who committed the alleged fraud, when, how, any specific misrepresentations made by any of the Citi Defendants, any reliance on such fraudulent statements or misrepresentations, or any resulting damage to Plaintiffs.  *See* Fed. R. Civ. P. Rule 9(b) (requiring that "all averments of fraud shall be stated with particularity.");  *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) ("Rule 9(b) [requires] that a complaint (1) specify the statements that

2

the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.") (internal cites omitted).

Besides being unsupported, Plaintiffs' fraud-based claims would be time-barred. Plaintiffs' causes of action stem from the origination of the Loan (October 16, 2012) and the Assignment of the Note (November 13, 2014). These claims are well past the New York statute of limitations. *See* CPLR § 213(8).

## IV.    The remaining claims are likewise deficient.

The Complaint is composed of 33 causes of action, each of which includes, at best, three or four paragraphs of conclusory allegations that do not state the necessary elements. A complete recitation of the deficiencies in each cause of action in the allotted space would not be feasible. Nonetheless, examples of the deficiencies include:

- With respect to the contract and negligence claims (Counts II, VI, XVII, XVIII, XXV) Plaintiffs fail to identify any specific contract provision allegedly breached by any defendant, let alone the Citi Defendants, or any conduct by the Citi Defendants.

- With respect to the fiduciary duty claim (Count XI), Plaintiffs cannot claim a fiduciary duty with a lender. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 122 (2d Cir. 1984).

- With respect to the accounting claim (Count III), Plaintiffs fail to allege the needed fiduciary or special relationship to justify it. *See Sigalit v. Kahlon*, No. 21 CIV. 8921 (AT), 2023 WL 5609099, at *2 (S.D.N.Y. Aug. 30, 2023).

- For the defamation and slander claims (Counts XXII, XVI), Plaintiffs fail to identify specific defamatory statements or representations, where those statements were published, who made them, their falsity, and when they were made.

For these reasons, the Citi Defendants respectfully submit this pre-motion letter asking leave to submit a motion to dismiss the complaint. We thank the Court for its consideration of this matter.

Respectfully,

 /s/ Reymond E. Yammine

Reymond E. Yammine